Argued March 16; reversed and remanded March 30, 1948

# BRASSFIELD v. BRASSFIELD and STATE OF OREGON

191 P. (2d) 639

*Charles D. Dolph,* of Portland, argued the cause for appellant. With him on the brief was Bruce Y. Curry, of Portland.

*Grace L. Bottler,* Deputy District Attorney for Multnomah County, of Portland, argued the cause for respondent. With her on the brief was John B. McCourt, District Attorney for Multnomah County, of Portland.

Boyd, Ferris & Erwin, of Portland, filed a brief as amici curiae.

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY, HAY and BRAND, Justices.

KELLY, J.

The question here is, whether or not the marriage of the parties hereto was validated by the act of the legislature at its 1947 session. Chapter 594, Oregon Laws 1947, p. 1137.

The pertinent provisions of said act are as follows:

"All marriages made prior to the passage of this act hereby are declared valid where the period of six months had not elapsed from the date of a decree declaring a marriage void or dissolved in which suit or claim either party to such subsequent marriage was a party; provided, that said subsequent marriage was in all other respects legal and regular" * * *.

Plaintiff's complaint discloses that the defendant was divorced from his former wife on November 27,

1946, and that plaintiff and defendant intermarried on April 27, 1947.

The validating act, above quoted, was passed April 5, 1947, and approved by the governor and filed in the office of the Secretary of State on April 21, 1947.

It is contended in support of the demurrer to plaintiff's complaint that the phrase, "All marriages made prior to the passage of this act", should be construed to mean "All marriages made prior to the effective date of this act." There being no emergency clause, said act took effect ninety days after the legislative session of 1947. That legislative assembly adjourned on April 5, 1947, and, aside from those bearing an emergency clause, the enactments of that session took effect on and after July 5, 1947. (Section 28, Art. IV, Constitution of Oregon, Vol. 9, O. C. L. A., p. 206.)

Plaintiff insists that the literal meaning should be given to the phrase, "all marriages made prior to the passage of this act", and that therefore plaintiff's marriage with defendant, having been made subsequent to the passage of said act on April 21, 1947, namely, on April 27, 1947, was not included in marriages validated by said act.

No case of attempted annulment of marriage presenting the question involved here has been cited or called to our attention. Cases cited include the challenging of the validity of a writ of arrest in a civil action; testing title to real property; contesting a municipal tax for guttering streets; seeking to nullify the action of a school district in building a schoolhouse; challenging, by habeas corpus proceeding, a judgment of conviction for false arrest; testing the legality of liquor licenses; seeking to set aside a conviction for violating the local option law; to restrain the enforce-

ment of the law regulating the purchase and sale of food fish; declaring a promise to marry a third person by a divorcee which promise was made within six months of the rendition of a decree divorcing him from his wife to be against public policy and void; determining the legality of school bonds; deciding whether the right of preemption has been lost; involving a construction of the Homestead Exemption Act; seeking to restrain the construction of a railway; action on a promissory note; a naturalization proceeding; suit by a contractor for unpaid balance for constructing a railroad which suit was instituted against the grantee in a deed of trust; to determine whether plaintiff, a practitioner of osteopathy, was required to register with the State Board of Osteopathic Registration and Examinations; to determine whether incumbents in office held over or the newly elected candidates took their place; to determine when taxes shall bear interest; questioning the validity of a notice to establish a school; questioning the application to plaintiff of a law requiring submission to examination of those seeking to practice law; and to determine the time for taking out a mandate on appeal.

The greater number of the cases construing the language, "prior to the passage of this act", hold that it means prior to the effective date of such act.

We think that to review these authorities would serve no useful purpose and would unduly prolong this opinion.

Our statute provides that in the construction of a statute, the intention of the legislature is to be pursued if possible. (Section 2-217, O. C. L. A., Vol. 1, p. 227.) Also see citations in annotations thereto.

In the code of civil procedure enacted in 1862, it

was provided that in case of the rendition of a decree of divorce, from which no appeal was taken, neither party would be capable of contracting marriage with a third person until the expiration of the period allowed to take an appeal. Oregon Code 1862, Section 499, pp. 126-127. In 1870 the period for taking an appeal to the supreme court was fixed at six months from the date of the judgment or decree. Laws of Oregon 1870, p. 27 at p. 31. In 1913, the legislature passed an act to the effect that in no case should either party to a divorce decree be capable of contracting a marriage with a third person until the expiration of six months from the date of said decree. General Laws of Oregon, 1913, Chapter 236, p. 463. This provision of the 1913 amendment has been reenacted by Oregon Laws 1939, Chapter 164, p. 338, and Oregon Laws, 1941, Chapter 70, pp. 116-117.

Thus it will be noted that ever since 1870 it has been the policy of the law in this jurisdiction that a legal marriage could not be contracted with a third person by either party to a decree of divorce until the expiration of a period of at least six months after the rendition of such decree of divorce.

We think it is not in conformity with the foregoing policy of our law to construe the validating statute under consideration in such a way as to permit, if not to invite, marriages to be made by a divorcee with a third party during the time intervening between the passage of the validating act and the effective date thereof without waiting longer than one day after the divorcee's decree of divorce has been rendered.

■ We think that, as applied to the facts in this case the phrase, ''prior to the passage of this act'' should

be construed to mean,—prior to the date that the act was signed by the governor, namely, April 21, 1947.

■ The decree of the circuit court is reversed, the demurrer of the State of Oregon to the complaint is overruled, and this cause is remanded for further proceedings not inconsistent herewith. Inasmuch, as the question here presented has not heretofore been adjudicated, neither party may recover costs or disbursements on this appeal.

HAY, J., did not participate in this opinion.